0-PIinON OF THE COURT.
THE defendant in errorobtained a judgment against the plaintiff, before a justice of the peace, from which an appeal was taken to the circuit court; on the trial of which, the defendant in error offered in evidence a document from the treasury department of the United States, containing an adjudication of the commissioner of claims, in favor of said defendant, for a horse and sad- *331 die lost in the late war. This document purported to-be certified by the auditor in that office, to be a true copy. He proved, by a witness, that the certificate was in the hand-writing of the auditor, and that the person whose name was affixed, exercised the office of auditor in that department. The plaintiif in error objected to the admission of this paper as -evidence,, because it was not sufficiently authenticated. The court overruled the objection and admitted the paper, and this forms the main question for our decision, and" the' only one worthy of notice.
It cannot be pretended, that this document could be used as a sworn copy; for it was not sworn to be a true copy, the witness having proved the hand-writing only. Nor can we conceive that it could be admitted on the bare certificate of the officer. There belongs to that department, a seal of office, by law; and the use of it is to authenticate the acts and documents thereof, whenever they are offered as evidence in a court of record. It is true, the United States is not a government foreign to this; and in the state tribunals, no authentication of documents from a public office thereof,ought to be requir-
ed, other than what would be sufficient in courts of the. United States; and in the reports of these courts, we are aware of no decision, which admitted vouchers when not authenticated by the seal. The court, we Conceive, therefore, erred in admitting this voucher.
There were other questions made and decided against the plaintiff in error, consisting chiefly in objections to evidence, and motions to instruct; but as they were all dépendenton obvious principles of law, well understood' and settled, and, as we conceive, rightly decided, we have not deemed it necessary to notice them in detail.
The judgment must be reversed with costs, and the cause be remanded for new proceedings, not inconsistent with this opinion. "